HENRY VOGEL, Appellant, *v.* WILLIAM C. EDWARDS, JR., Individually and as Executor and Trustee under the Will of MARIE R. EDWARDS, Deceased, Respondent.

Submitted April 11, 1940; decided May 28, 1940.

*Meyer Kreeger* for appellant. The provisions of section 1083-a of the Civil Practice Act are not applicable to the facts in this case. (*Emigrant Industrial Sav. Bank* v. *Van Bokkelen*, 269 N. Y. 110; *Feiber Realty Corp.* v. *Abel*, 265 N. Y. 94; *Central Hanover Bank & Trust Co.* v. *Boccia*, 244 App. Div. 106.)

*Henry W. Schober* for respondent. Since judgment of foreclosure and sale was entered after August 28, 1933, defendant is entitled to relief under section 1083-a of the Civil Practice Act. (*Emigrant Ind. Sav. Bank* v. *Van Bokkelen*, 269 N. Y. 110; *Mason* v. *Corbin*, 29 App. Div. 602; *Wegman* v. *Childs*, 41 N. Y. 159; *LoPorto* v. *Druiss Co.*, 241 App. Div. 419; 268 N. Y. 699.)

LEWIS, J. The judgment of foreclosure and sale in this action contains the usual provisions directing the referee named therein to make and file a report of sale specifying the amount of a deficiency to be entered and that the plaintiff shall have execution therefor. It was signed by the justice at Special Term on August 25, 1933, but was not entered until August 29, 1933. Meantime on August 28, 1933, there became effective section 1083-a of the Civil Practice Act. (L. 1933, ch. 794.)

The Appellate Division has ruled that section 1083-a of the Civil Practice Act affords a valid basis for the order

granted herein at Special Term July 22, 1935, upon the defendant's motion, opening the deficiency judgment entered against the defendant for the purpose of ascertaining whether the amount thereof should be reduced or satisfied and naming a referee with respect thereto.

The following question is certified by the Appellate Division for our determination: " On this record, should the motion to open the deficiency judgment, after foreclosure, have been granted?"

Following the Legislature's declaration that a public emergency existed which prompted legislative intervention, the statute with which we are concerned provides:

" § 1083-a. *Limitation upon deficiency judgments during emergency period.* No judgment shall be granted for any residue of the debt remaining unsatisfied as prescribed by the preceding section where the mortgaged property shall be sold during the emergency, except as herein provided. Simultaneously with the making of a motion for an order confirming the sale or in any event within ninety days after the date of the sale, the party to whom such residue shall be owing may make a motion in the action for leave to enter a deficiency judgment upon notice to the party against whom such judgment is sought or the attorney who shall have appeared for such party in such action. Such notice shall be served personally or in such other manner as the court may direct. Upon such motion the court, whether or not the respondent appears, shall determine, upon affidavit or otherwise as it shall direct, the fair and reasonable market value of the mortgaged premises as of the date of sale or such nearest earlier date as there shall have been any market value thereof and shall make an order directing the entry of a deficiency judgment. Such deficiency judgment shall be for an amount equal to the sum of the amount owing by the party liable as determined by the judgment with interest, plus the amount owing on all prior liens and encumbrances with interest, plus costs and disbursements of the action including the referee's fee and disbursements, less the market value as determined by the court or the

sale price of the property whichever shall be the higher. If no motion for a deficiency judgment shall be made as herein prescribed the proceeds of the sale regardless of amount shall be deemed to be in full satisfaction of the mortgage debt and no right to recover any deficiency in any action or proceeding shall exist."

Ruling that the statute quoted above applies only when a judgment of foreclosure and sale is granted after the statute became a law, we have said: " The language used does not evidence an intent to affect judgments granted prior to the effective date of the section." (*Feiber Realty Corp.* v. *Abel*, 265 N. Y. 94, 98.)

In the case at hand our decision turns upon the question whether a judgment of foreclosure and sale is to be regarded as granted as of the date of its rendition or the date of its entry. " The act of rendering judgment by the justice is judicial; that of entering it in his docket is ministerial. The judicial functions of the justice are completed when he has rendered his judgment." (*Fish* v. *Emerson*, 44 N. Y. 376, 378, 379. See Black on The Law of Judgments, § 106, pp. 149, 150; Freeman on The Law of Judgments [5th ed.], § 46, pp. 75, 76.) The entry may be important for certain purposes, as for example, the creation of a lien or fixing the date from which is computed the time to appeal.

The judgment herein which the defendant seeks to open was rendered August 25, 1933, on which date section 1083 of the Civil Practice Act provided the applicable law. The judgment was rendered in conformity with that law. The rights of the parties then became vested (*Livingston* v. *Livingston*, 173 N. Y. 377, 382, 383), and thereafter Special Term had no power to open the judgment and give effect to section 1083-a which, by its terms, applied only to judgments of foreclosure and sale granted after August 28, 1933, its effective date. The judgment here involved was granted before the effective date of that statute.

The relief granted by Special Term was not within its equitable powers. (*Emigrant Industrial Sav. Bank* v. *Van Bokkelen*, 269 N. Y. 110, 115, 116; *Guaranteed Title & Mtg. Co.* v. *Scheffres*, 275 N. Y. 30.)

The orders should be reversed, with costs, and the defendant's motion at Special Term denied, with ten dollars costs. The question certified is answered in the negative.

LEHMAN, Ch. J., LOUGHRAN, FINCH, SEARS and CONWAY, JJ., concur; RIPPEY, J., taking no part.

Orders reversed, etc.