ROSE *v.* ROSE.

1. DIVORCE—EXTREME CRUELTY—DISMISSAL OF ACTION FOR SEPARATE
   MAINTENANCE—PREJUDICE.

   Motion to dismiss plaintiff's complaint for absolute divorce on
   ground of extreme cruelty *held,* proper, where previously plain-
   tiff had filed a complaint for separate maintenance on sub-
   stantially same grounds that was dismissed after she elected
   not to proceed therewith when trial court denied her motion
   to amend the complaint to state an action for absolute divorce,
   and the order of dismissal did not expressly state it was with-
   out prejudice.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 24 Am Jur 2d, Dismissal, Discontinuance and Nonsuit § 53.
   Decree in suit for "separation" as res judicata in subsequent suit
   for divorce or annulment.  90 ALR2d 745.
[2,5] 24 Am Jur 2d, Dismissal, Discontinuance and Nonsuit § 53.
   Dismissal of civil action for want of prosecution as res judicata.
   54 ALR2d 473.
[3] 30A Am Jur, Judgments § 397.
[4] 27 Am Jur, Husband and Wife § 404.

2. DISMISSAL AND NONSUIT—FAILURE TO PROSECUTE—PREJUDICE.

A dismissal for failure to prosecute will bar a subsequent attempt to prosecute the same claim, unless the order of dismissal expressly states that the dismissal is without prejudice (GCR 1963, 504.2).

3. JUDGMENT—RES JUDICATA—IDENTITY OF CAUSES OF ACTION—EVIDENCE.

The test for determining identity of two causes of action is that if the same facts or evidence would sustain both, the two are considered the same within the rule that the judgment in the former is a bar to the subsequent cause of action; but if the two rest upon different facts or evidence, a judgment in one is no bar to the maintenance of the other.

4. DIVORCE—SEPARATE MAINTENANCE—EVIDENCE.

A suit for separate maintenance requires only the proof of a single ground for divorce (CL 1948, § 552.301).

5. SAME—SEPARATE MAINTENANCE—EVIDENCE—EXTREME CRUELTY—RES JUDICATA.

Order dismissing plaintiff's suit for divorce alleging extreme cruelty because it was *res judicata, held,* proper, where plaintiff had first filed suit for separate maintenance, then at trial had attempted to amend her suit to state one for absolute divorce, subsequently elected not to proceed, the former action was dismissed and plaintiff later filed for divorce, again alleging extreme cruelty which was substantially the same cruelty alleged in support of the separate maintenance suit (CL 1948, §§ 552.6, 552.301).

Appeal from Oakland; Thorburn (James S.), J. Submitted Division 2 June 8, 1967, at Detroit. (Docket No. 2,237.) Decided March 26, 1968. Rehearing granted April 25, 1968.

Complaint by Doris Wertheimer Rose against Jack Rose for divorce on ground of extreme and repeated cruelty. Complaint dismissed. Plaintiff appeals. Affirmed.

*Louisell & Barris,* for plaintiff.

*Jack Rose, in propria persona.*

T. G. KAVANAGH, J.  On April 13, 1964, plaintiff filed in the Oakland county circuit court a complaint for separate maintenance pursuant to CL 1948, § 552.301 (Stat Ann 1957 Rev § 25.211).  On December 1, 1965, the date scheduled for trial, plaintiff orally moved to amend the complaint to state an action for absolute divorce, see CL 1948, § 552.6 (Stat Ann 1957 Rev § 25.86) and CL 1948, § 552.8 (Stat Ann 1957 Rev § 25.88), and the court denied the motion for the reason that it was not timely made.  Thereupon plaintiff indicated that she was not prepared to proceed further with the separate maintenance action.  Defendant thereupon moved to dismiss under GCR 1963, 504.2* and the motion was granted.

Upon entry of the order dismissing the separate maintenance action, plaintiff filed a complaint for absolute divorce, alleging acts of extreme and repeated cruelty which were substantially the same acts alleged in support of the complaint for separate maintenance.

The defendant then moved to dismiss the complaint for divorce on the ground that the dismissal of the separate maintenance action constituted an adjudication on the merits of the issue of extreme cruelty and that plaintiff was therefore barred as a matter of law from presenting evidence of extreme cruelty.  The court granted the motion and from this dismissal of her complaint for divorce plaintiff has appealed.

Plaintiff's election not to proceed with the separate maintenance action was tantamount to a

---

* GCR 1963, 504.2.  "For failure of the plaintiff to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him.  *  *  *  Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, operates as an adjudication upon the merits."

failure to prosecute under the terms of GCR 1963, 501.3, and consequently the motion to dismiss was properly within the scope of GCR 1963, 504.2.

"An involuntary dismissal, under subrule 504.2 operates as an adjudication upon the merits, unless the court in its order for dismissal otherwise specifies. Thus, contrary to the common law rule, a dismissal for failure to prosecute will bar a subsequent attempt to prosecute the *same claim,* unless the order of dismissal expressly states that the dismissal is without prejudice." 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), page 334. (Emphasis added.)

Since the court did not otherwise specify, this dismissal will be treated as operating as an adjudication upon the merits. Thus, it would appear that the effect of GCR 1963, 504.2 is to establish the defense of bar with respect to the claim involved.

The reason for the rule is that if a plaintiff does not care enough to prosecute his action diligently, fairness requires that defendant be allowed to protect himself from the bother of filing answers to a multiplicity of complaints for the same claim, by relying upon the dismissal as ending the matter for all time. This affords plaintiff reasonable and ample opportunity to bring his action and sustain his claim, while demanding diligence on his part for the protection of the defendant.

In assaying the correctness of the trial court's ruling in the instant case we must answer the question of whether the claim in this case is the same claim which was determined by the judgment in a suit for separate maintenance. We hold it was.

The test for determining identity of claims is set forth in 30A Am Jur, Judgments, § 365:

"In the application of the doctrine of *res judicata,* if it is doubtful whether a second action is for the

same cause of action as the first, the test generally applied is to consider the identity of facts essential to their maintenance, or whether the same evidence would sustain both. If the same facts or evidence would sustain both, the two actions are considered the same within the rule that the judgment in the former is a bar to the subsequent action. If, however, the two actions rest upon different states of facts, or if different proofs would be required to sustain the two actions, a judgment in one is no bar to the maintenance of the other."

The statute under which the suit for separate maintenance was brought has been held by the Michigan Supreme Court to require only the proof of a single ground for divorce. See *Heckathorn* v. *Heckathorn* (1938), 284 Mich 677 and *Sullivan* v. *Sullivan* (1949), 323 Mich 397. The cruelty alleged in the suit for separate maintenance is the same as alleged in the present suit for divorce and the same evidence would sustain both claims. Since that issue of cruelty has been decided on its merits the matter is *res judicata*.

Affirmed, with costs to appellee.

FITZGERALD, P. J., and J. H. GILLIS, J., concurred.