S & S EXCAVATING COMPANY, INC., *v.* MONROE COUNTY

OPINION OF THE COURT

1. JUDGES—DISQUALIFICATION—MINISTERIAL ACTS.
   The disqualification of a judge does not prevent him from performing ministerial acts not involving judicial discretion.

2. JUDGMENT—JUDGES—MINISTERIAL ACTS.
   The act of entering judgment, as distinct from the act of rendering judgment, is an act that does not require the exercise of discretion.

REFERENCES FOR POINTS IN HEADNOTES
[1–5] 46 Am Jur 2d, Judges § 86 *et seq.*
[6, 7] 24 Am Jur 2d, Dismissal, Discontinuance, and Nonsuit § 56 *et seq.*
[8] 24 Am Jur 2d, Dismissal, Discontinuance, and Nonsuit § 88 *et seq.*

3. Judges—Orders—Ministerial Acts.

An order directing a plaintiff to file an amended complaint, entered after the judge had voluntarily disqualified himself, was a ministerial act within his power, where it merely gave effect to his opinion given before disqualification in which he found that the plaintiff's pleadings were not sufficiently specific to enable the parties to prepare for trial and directed the filing of an amended complaint.

4. Judgment—Summary Judgment—Ministerial Acts.

A partial summary judgment, entered after the judge had voluntarily disqualified himself, was a ministerial act within his power, where it merely gave effect to his ruling, in an opinion before he disqualified himself, that a certain supplemental agreement in a contract dispute had the effect of foreclosing any dispute between the parties prior to the date of the supplemental agreement.

5. Judges—Disqualification—Prior Rulings.

Voluntary disqualification of a judge in a case did not affect the validity of prior rulings made by him in the case where there was no objection at the time to the disqualification and no cause for disqualification which might invalidate the rulings is indicated in the record.

6. Dismissal and Nonsuit—On the Merits—Order of Court— Failure to Comply—Court Rules.

Failure to comply with an order of the court is a ground for dismissal which operates as an adjudication on the merits unless the court otherwise specifies (GCR 1963, 504.2).

7. Dismissal and Nonsuit—On the Merits—Failure to Prosecute —Court Rules.

Intentional failure to comply with an order of the court has the same practical effect as a failure to prosecute and it was not an abuse of discretion for a second judge to dismiss an action with prejudice where the plaintiff had been ordered by the first judge to amend the complaint, but refused to do so after the first judge voluntarily disqualified himself, where the refusal was on the ground that the order was invalid (GCR 1963, 501, 504).

Dissent by O'Hara, J.

8. Trial—Mistrial—Termination of Action—New Trial.

*Declaration of a mistrial so ended an action that no reassignment to another judge, entry of a* nunc pro tunc *order, or*

*after-the-fact explanation of what the ruling meant, could revive it, and a complete new trial was required.*

Appeal from Monroe, James J. Kelley, Jr., and William J. Weipert, Jr., JJ. Submitted Division 2 November 4, 1971, at Detroit. (Docket No. 10427.) Decided December 7, 1971. Leave to appeal denied, 387 Mich 761.

Complaint by S & S Excavating Company, Inc., against Monroe County, its County Drain Commissioner, and Angelo J. Marino, a consulting engineer, for breach of contract. Judgment for defendants. Plaintiff appeals. Affirmed.

*Schmier, Schmier & Dakmak,* for plaintiff.

*L. E. Merman,* for defendants Monroe County and its drain commissioner.

*William J. Braunlich, Jr.,* for defendant Angelo J. Marino.

Before: V. J. BRENNAN, P. J., and J. H. GILLIS and O'HARA,* JJ.

J. H. GILLIS, J. Plaintiff poses the following two issues, and only these two issues, on appeal before this Court: (1) Are orders entered by a disqualified judge valid and binding upon the parties before the judge to whom the case is reassigned? (2) Was it proper for the trial judge to dismiss with prejudice plaintiff's entire cause of action in this case? The counterstatement of questions as presented by defendant are as follows: (1) Is a ruling or judg-

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

ment made before judicial disqualification void because signed and entered after disqualification? (2) Did the third amended complaint violate the court order of May 5, 1970, and GCR 1963, 111.1(1)? (3) Did the trial judge abuse his discretion in dismissing all plaintiff's claims for violation of the court order of May 5, 1970, and GCR 1963, 111.1(1)? Plaintiff focuses his appeal upon the entry of an order dismissing his cause of action with prejudice in the trial court below.

This case arose out of an alleged breach of a public sewer contract and warranties of subsoil conditions together with the claimed wrongful termination of a supplemental agreement entered into during the course of construction. After the filing of two amended complaints by the plaintiff due to lack of specificity and nonseparation of the counts against the several defendants, the action proceeded to a jury trial. After eight days of trial it became apparent to the trial judge that a construction of the supplemental agreement would result in a foreclosing of some of plaintiff's causes of action. Accordingly, on May 4, 1970, the court issued a ruling construing said agreement to be a settlement up to its date (May 13, 1968) on all "Section Two" matters (except for any claim for rock excavation), hence, foreclosing all claims regarding them. However, all claims for anything arising after that date could be shown in addition to breaches of the supplemental agreement which would excuse plaintiff's failure to proceed on "Section One", making defendant's termination unlawful.

The court, in directing itself to motions made by defendant to dismiss and/or for summary judgment or for a mistrial, on May 5, 1970, issued further rulings denying the motion to dismiss but granting a mistrial in the case. The trial judge then urged

both parties to appeal at this time, if they so desired, any of his prior orders making particular reference to the ruling regarding the effect of the supplemental agreement. The court, in reference to the plaintiff's pleadings, then stated:

"I question, however, whether they are sufficiently pleaded so that the parties can fairly be put to trial at this stage * * * .

"If no appeal is taken, then the court hereby directs plaintiff after the appellate period has run to amend the pleadings to be more specific on any claims that they wish to present * * * . I have already ruled, I believe sufficiently, the present pleadings in the light of the ruling on the contract are insufficient to enable any party to prepare accurately for a trial * * * ."

On the same day (May 5, 1970) the trial judge voluntarily disqualified himself from further proceedings in the present cause of action, assigning the case to another circuit judge.

"The court also unavoidably participated in numerous conferences in chambers, some off the record at request of counsel, required to deal with daily changing developments during trial. Thereby the court has been necessarily exposed to many conflicts between respective counsel and the parties litigant. Accordingly it is deemed beneficial to all involved for the court at this time voluntarily to disqualify itself from future proceedings, so that the parties may start afresh before both a new jury and a new judge, all pursuant to the schedules determined in open court."

Subsequently, on May 19, 1970, the disqualified judge issued written orders granting partial summary judgments in conformity with his earlier opinions of May 4 and May 5, 1970. Prior to said

orders, plaintiff objected to the court considering
the matter on the ground that the voluntary dis-
qualification deprived the judge of authority to
perform any act of judicial discretion except to
transfer the case.  In addressing itself to the issue,
the court stated that the disqualification would have
no effect "if all that the court is asked to do now is
a *nunc pro tunc* formality, an administrative or
ministerial act calling for no new exercise of dis-
cretion not already completed on the record—in
other words, merely to sign formal orders embody-
ing earlier rulings".  In its opinion on May 19,
1970, the court stressed that its decisions on May 4
and May 5, 1970, were not mere evidentiary ques-
tions but rulings of substantive law.  The court
noted that it had urged immediate appeal of its
determinations in the case laying special stress on
the importance in future stages of the litigation of
the ruling construing the supplemental agreement
as a bar to certain claims.  It went on to state:

"In the case at bar, the disqualification entered
was clearly intended and so worded, to apply to
future judicial acts in the case only, and not at all
to prevent previously intended legal meaning to be
given to judicial acts already finalized."

In conformity with this latest ruling the trial
judge entered partial summary judgment *nunc pro
tunc* as to all claims (excepting that for rock excava-
tion) of plaintiff prior to the date of the supple-
mental agreement of May 13, 1968.

Over objections, *i.e.,* that the voluntary disquali-
cation terminated such authority, the judge entered
an order on June 30, 1970, directing the plaintiff
to file an amended complaint to specifically set forth
all claims it may have against any party referring
particularly to those subsequent to May 13, 1968.

Plaintiff, taking the position that the disqualified judge's rulings and orders had no effect, filed a third amended complaint which did not conform to the prior orders. On motion before the reassigned judge, the defendant moved to dismiss this amended complaint for failure to plead with particularity the claims arising after May 13, 1968, and for violation of the court's order which foreclosed action on all claims (excluding rock excavation) prior to that date. After an exhaustive examination of the complaint, the motion was granted and an order entered dismissing all of the plaintiff's claims with prejudice.

In this appeal, plaintiff again challenges the orders entered by the original trial judge after he had disqualified himself. It contends they are void and thus could not be relied upon by the reassigned judge as a ground for dismissal with prejudice.

It is well recognized in a majority of jurisdictions that the disqualification of a judge does not prevent him from performing ministerial acts not involving judicial discretion. *State* v. *Miranda* (1966), 3 Ariz App 550 (416 P2d 444, 448); *Koll* v. *State* (1941), 143 Tex Cr R 104 (157 SW2d 377); *Dotson* v. *Burchett* (1945), 301 Ky 28 (190 SW2d 697, 699). On the other hand, a line of early Michigan cases indicates a contrary result. *Horton* v. *Howard* (1890), 79 Mich 642; *Bliss* v. *Caille Brothers Co.* (1907), 149 Mich 601; *Davis Colliery Co.* v. *Charlevoix Sugar Co.* (1908), 155 Mich 228; *In re Hudson Lumber Co.* (1942), 301 Mich 77. However, a statement from 1 Callaghan's Michigan Pleading & Practice (2d ed), § 3.15, p 111, seems particularly applicable here:

"Disqualification, where absolute, while not perhaps jurisdictional, is declared in a number of deci-

sions to make judicial action 'void', but the absolute disqualification provisions of former statutes have not been carried forward into the court rule [GCR 1963, 405]."

Apparently, the absolute disqualification provisions of the former statutes and as interpreted by these early cases have not been carried forward into the court rule so as not to have the Michigan rule running contrary to the general rule of other jurisdictions.

It is clear that the act of entering judgment is a "ministerial act" though the rendition of judgment is a judicial act of discretion. *Jaqua* v. *Harkins* (1907), 40 Ind App 639 (82 NE 920); *Vogel* v. *Edwards* (1940), 283 NY 118 (27 NE2d 806); *Darvick* v. *Darvick* (1942), 36 NYS2d 58, 59. The trial judge in his construction of the supplemental agreement found that the pleadings of the plaintiff were not specific enough to enable the defendants to adequately prepare a defense. In the declaration of a mistrial, he specifically ordered the plaintiff to file amended pleadings specifying his claims against the defendants. The ministerial act to effect this was an order directing plaintiff to file a third amended complaint and cannot be in any way regarded as an exercise of discretion. Also, in the construction of the supplemental agreement, the judge ruled that the agreement had the effect of foreclosing any dispute between the parties prior to the date of the supplemental agreement. The later partial summary judgment that was entered by him merely made this provision effective and as such was purely ministerial in nature. They were merely giving effect to the prior rulings.

Finally, in considering the effect of the voluntary disqualification upon these prior rulings themselves, it must be noted that nowhere on the record is

there any indication that there was "cause" for disqualification. There being no objection at the time to the disqualification and no "cause" indicated which might invalidate the prior rulings, we find said rulings valid and binding upon the parties.

In *Commissioner of Banking* v. *Berry* (1970), 27 Mich App 271, 313, a factual situation somewhat similar to the case at hand was presented. There a judge became disqualified when he appointed a law firm of which his son-in-law was a member as one of two legal representatives of a receiver of a bank. This Court pointed out that the judge was not so disqualified when he previously made the finding that the bank was insolvent and then ordered a receiver appointed. We then held that the technical disqualification was not sufficient to overturn the approval by the court of a sale of the bank's assets according to an agreement already approved by the bank's directors before the disqualification arose. Likewise, we are unwilling now to hold that the voluntary disqualification, in and of itself, is sufficient to overturn the prior rulings of law that affected the status of the parties in this case.

Additionally, we conclude that the judge to whom the case was reassigned did not abuse his discretion in dismissing the case with prejudice. GCR 1963, 504.2 provides as follows:

"For failure of the plaintiff to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him * * * . Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, operates as an adjudication upon the merits."

One such instance in which an involuntary dismissal will operate as an adjudication upon the merits (unless the court in its order for dismissal otherwise specifies) is the situation of a dismissal for failure to prosecute[1] as provided by subrule 501.3. In accordance with this, 3 Callaghan's Michigan Pleading & Practice (2d ed), § 32.53, p 111, states:

"It has always been recognized that courts have inherent power to dismiss proceedings where want of further progress therein is due to the obstinate failure or refusal of the claimant or proponent to abide by court rules or directives of the court with respect to the cause. Such recalcitrancy on the part of the complainant is not exactly a want of prosecution, *but the practical effect is the same.*" (Emphasis supplied.)

In light of the above we find no abuse of discretion in dismissing the case with prejudice where plaintiff intentionally did not comply with a court order.

Affirmed. Costs to appellees.

V. J. Brennan, P. J., concurred.

O'Hara, J. (*dissenting*). I am compelled to dissent. In addition to disqualifying himself as my colleagues note, the trial judge also unequivocally declared a mistrial from the bench. I quote:

"The court regrets, but I am not the only one to regret having *to declare a mistrial.*" (Emphasis added.)

In my view, no reassignment to another circuit judge, nor entry of a *"nunc pro tunc"* order, nor

---

[1] See committee comments to GCR 1963, 504, §§ 5, 7; *Rose v. Rose* (1968), 10 Mich App 233, 236.

after-the-fact explanation of what the ruling meant, could resurrect this cause from the litigable dead.

I would reverse and remand for a complete new trial.