MARQUETTE v VILLAGE OF FOWLERVILLE

Docket No. 55370. Submitted January 7, 1982, at Lansing.—Decided
    March 4, 1982.

    James Marquette and Jean Marquette, plaintiffs, leased a place of
        business in the Village of Fowlerville. The plaintiffs operated
        several coin-operated amusement devices at their place of
        business. Subsequently, the village council adopted an ordi-
        nance regulating the operation of such a business. The plain-
        tiffs applied for a license to continue the operation of the coin-
        operated devices and their application was denied. The plain-
        tiffs brought an action against the village seeking declaratory
        relief and a permanent injunction against the operation of the
        ordinance. After extensive pretrial activity the trial judge
        ordered the parties to submit briefs on certain legal questions.
        Plaintiffs failed to file their brief within the prescribed time
        and the defendant moved for dismissal, which was granted,
        Livingston Circuit Court, Paul R. Mahinske, J. Plaintiffs' mo-
        tion to set aside the dismissal was denied, and the plaintiffs
        appeal. Three issues are raised on appeal: (1) whether the trial
        court abused its discretion in dismissing the case and in deny-
        ing the motion to set aside the dismissal; (2) whether the trial
        court was required to make specific findings of fact; and (3)
        whether the trial court impliedly held that the ordinance was
        valid. *Held:*

        1. The plaintiffs' failure to file a brief within the specified
        time constituted a violation of an order of the court within the
        meaning of the court rule allowing for dismissal for such a
        violation. Further, the circumstances amounted to an obstinate
        refusal to abide by the court's order. The court did not abuse its
        discretion in dismissing the action with prejudice nor in refus-
        ing to reinstate the case.

        2. The court rules do not require a trial court to make

REFERENCES FOR POINTS IN HEADNOTES
[1-4] 24 Am Jur 2d, Dismissal, Discontinuance, and Nonsuit § 57.
    62 Am Jur 2d, Pretrial Conference § 31.
    Dismissal of action for failure or refusal of plaintiff to obey court
        order. 4 ALR2d 348.

specific findings of fact where the motion to dismiss is made prior to trial.

3. An involuntary dismissal pursuant to GCR 1963, 504.2 operates as an adjudication on the merits, and amounts to a finding that the plaintiff has lost the right to pursue the claim. No findings of fact or conclusions of law are implied by the order of dismissal.

Affirmed.

1. PRETRIAL PROCEDURE — DISMISSAL — COURT RULES.

A plaintiff's failure to comply with a trial court's requirements regarding the filing of a pretrial brief constitutes a violation of an "order of the court" within the scope of the court rule which allows the involuntary dismissal of an action, upon motion of the defendant, for a plaintiff's failure to comply with the court rules or any order of the court (GCR 1963, 504.2).

2. APPEAL — PRETRIAL PROCEDURE — DISMISSAL — COURT RULES.

The Court of Appeals is limited to an examination of whether a trial court abuses its discretion when determining whether an action was properly dismissed pursuant to the court rule allowing dismissal upon a plaintiff's failure to comply with the court rules or any order of the court (GCR 1963, 504.2).

3. PRETRIAL PROCEDURE — DISMISSAL — FINDINGS OF FACT — COURT RULES.

The court rule allowing dismissal of a case for a plaintiff's failure to comply with the court rules or any order of the court does not require the court to make specific findings of fact when the motion to dismiss is made prior to trial; findings of fact are required only when the motion to dismiss is made at the close of the plaintiff's proofs and is based upon an alleged failure of the plaintiff to show a right to relief (GCR 1963, 504.2).

4. PRETRIAL PROCEDURE — DISMISSAL — COURT RULES.

An involuntary dismissal for failure to comply with a court order operates as an adjudication on the merits; the order of dismissal does not imply any findings of fact or conclusions of law (GCR 1963, 504.2).

*Joseph K. Cox,* for plaintiffs.

*Seymour Beitner, P.C.,* for defendant.

Before: M. F. Cavanagh, P.J., and Bronson and Beasley, JJ.

Per Curiam. The trial court dismissed plaintiffs' complaint with prejudice, pursuant to GCR 1963, 504.2, and denied plaintiffs' motion to set aside the order of dismissal. Plaintiffs appeal by right.

This case began with a dispute over a zoning ordinance adopted by the Village of Fowlerville. In 1975, plaintiffs leased premises known as the Snack Shop within the Village of Fowlerville and began operating several coin-operated amusement devices. Sometime in 1976, the village council adopted an ordinance governing such a business operation. Plaintiffs applied for a license to continue operating their business, but their application was denied.

Plaintiffs then filed suit against defendant asking for declaratory relief and a permanent injunction against operation of the ordinance. After approximately three years of in-court activity consisting of default judgments taken, default judgments set aside, and pretrial conferences, the trial judge ordered the parties to submit briefs on certain legal questions which the parties had agreed would be decided by the judge without oral argument. Plaintiffs failed to file their brief within the prescribed time, so defendant moved under GCR 1963, 504.2, for involuntary dismissal of the case due to plaintiffs' failure to file their brief in compliance with the judge's pretrial order. At the hearing on the motion, the associate of plaintiffs' attorney, who was also his son, appeared and explained that the reason his father had failed to comply with the trial court's order was because of an eye problem which prevented him from doing any legal work during this period. Defense counsel informed the court that plaintiffs' counsel had

previously stated that his brief had not been filed because he was behind due to a large caseload; an eye injury had not been mentioned. Plaintiffs' counsel then admitted to the trial court that his father's eye problem did not develop until after he had talked to defense counsel, which occurred after the brief was due. The trial judge then granted defendant's motion to dismiss plaintiffs' complaint with prejudice. Plaintiffs' motion for rehearing was subsequently granted, but the motion to set aside the dismissal was denied.

Plaintiffs appeal from this order, raising three issues: (1) Did the trial court abuse its discretion in dismissing plaintiffs' complaint involuntarily and with prejudice, pursuant to GCR 1963, 504.2, and in denying plaintiffs' motion to set aside the dismissal? (2) Did the trial court err reversibly by dismissing plaintiffs' complaint without making specific findings of fact? (3) Did the trial court impliedly declare that the zoning ordinance in question was valid?

GCR 1963, 504.2 states, in pertinent part:

"Involuntary Dismissal; Effect. For failure of the plaintiff to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. * * * Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, operates as an adjudication upon the merits."

In discussing involuntary dismissal under this rule, this Court in *Rose v Rose,* 10 Mich App 233, 236; 157 NW2d 16 (1968), stated:

"The reason for the rule is that if a plaintiff does not

care enough to prosecute his action diligently, fairness requires that defendant be allowed to protect himself from the bother of filing answers to a multiplicity of complaints for the same claim, by relying upon the dismissal as ending the matter for all time. This affords plaintiff reasonable and ample opportunity to bring his action and sustain his claim, while demanding diligence on his part for the protection of the defendant."

In addition, the Supreme Court has said:

"We have recognized the inherent power of a court to control the movement of cases on its docket by a variety of sanctions including dismissal, discontinuance, or involuntary nonsuit even when requests for continuances are timely made and, lacking persuasive merit, are denied." *Banta v Serban,* 370 Mich 367, 368; 121 NW2d 854 (1963).

In the instant case, plaintiffs' failure to comply with the judge's requirement regarding the time for filing the briefs amounts to a violation of an "order of the court" and thus is within the scope of the court rule. *Kromat v Vestevich,* 14 Mich App 291, 292; 165 NW2d 428 (1968). In determining whether the trial court's dismissal under GCR 1963, 504.2 was proper, this Court is limited to an examination of whether the trial court abused its discretion. *S & S Excavating Co, Inc v Monroe County,* 37 Mich App 358, 366; 194 NW2d 416 (1971). In *Monroe County,* the trial court's order of dismissal with prejudice was upheld where plaintiff had failed to comply with an order to file an amended pleading specifying his claims against the defendants. This Court found no abuse of discretion on the part of the trial court in dismissing the case with prejudice, since plaintiff intentionally had not complied with the court order.

In the instant case, we find the trial court did not abuse its discretion in dismissing plaintiffs' complaint with prejudice. The trial court had ordered plaintiffs to submit a brief within a specified time, and plaintiffs failed to comply with that order. At the hearing on defendant's motion for involuntary dismissal, which was held almost two months after plaintiffs' brief was due, plaintiffs' counsel offered no reasonable explanation for failing to comply with the order, and the brief still had not been completed. These circumstances amount to an obstinate refusal on the part of plaintiffs to abide by the court's order and are sufficient to warrant an involuntary dismissal with prejudice. Therefore, the trial court's order of dismissal is affirmed.

We also find the trial court did not abuse its discretion by refusing to reinstate the case upon plaintiffs' motion for rehearing. Plaintiffs did not show good cause for the delay in filing their brief and did not show that they were vigorously pursuing their claim. Furthermore, defendant had no method by which to remedy the delay caused by plaintiffs. We find that plaintiffs' failure to comply with the court order justified the trial court's refusal to reinstate the case. See *Heaney v Verson Allsteel Press Co, Inc,* 64 Mich App 597; 236 NW2d 155 (1975).

Plaintiffs next contend that the trial court erred by dismissing plaintiffs' complaint without making specific findings of fact. This claim is without merit. GCR 1963, 504.2 does not require specific findings of fact when the motion to dismiss is made prior to trial. Findings of fact are required only when the motion to dismiss is made at the close of plaintiff's proofs and is based upon an alleged failure of the plaintiff to show a right to

relief. 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 332.

The last issue raised in this appeal is whether the trial court impliedly declared that the zoning ordinance in question was valid. We find no such implied declaration and no error. Under the language of GCR 504.2, an involuntary dismissal for failure to comply with the court order "operates as an adjudication upon the merits". Thus, an involuntary dismissal amounts to a finding that plaintiffs have lost their right to pursue their claim against defendant, and a subsequent prosecution of the same claim is prohibited unless the order of dismissal specifies otherwise. The order does not imply findings of fact or conclusions of law. By contending that such an order implies certain findings, plaintiffs are merely seeking to have this Court review the merits of plaintiffs' lawsuit, which were not adjudicated below. As such, plaintiffs' third claim of error is without merit.

Affirmed.