# STATE OF MICHIGAN

# COURT OF APPEALS

BRENT MOHLMAN,

      Plaintiff-Appellant,

v

DEUTSCHE BANK NATIONAL TRUST
COMPANY,

      Defendant-Appellee.

UNPUBLISHED
April 12, 2018

No. 337312
Wayne Circuit Court
LC No. 16-014367-CZ

Before: SAWYER, P.J., and HOEKSTRA and MURRAY, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order dismissing with prejudice plaintiff's case against defendant regarding a dispute over possession of a property, 19042 Irving, Livonia, Michigan, that was sold to defendant at a mortgage foreclosure sale in May 2015, from which defendant eventually evicted and locked out plaintiff in October 2016. We affirm.

Plaintiff argues that the lower court's dismissal with prejudice should be reversed because there was not adequate time to respond to defendant's motion for summary disposition, and plaintiff otherwise lacked notice or knowledge of the hearing on defendant's motion for summary disposition. We disagree.

## I. PERTINENT BACKGROUND

This case arises out of a long running dispute over the property at 19042 Irving. Plaintiff has previously attempted to avoid liability on the mortgage and to avoid foreclosure in a number of different lawsuits, all of which have been unsuccessful.

In December 2005, plaintiff borrowed $119,200 from Long Beach Mortgage Company and executed a promissory note to repay the loan over 30 years, and as security for the note, plaintiff mortgaged 19042 Irving. A few years later plaintiff defaulted on the mortgage. In 2012, the mortgage was assigned to defendant. In February 2015, the property was foreclosed on, and defendant subsequently purchased the property at a sheriff's sale.

Eventually, defendant instigated proceedings in the 16th District Court in Michigan to evict plaintiff from the property and to recover possession of the property. The district court entered a possession judgment in defendant's favor in August 2016. The order stated that defendant could apply for an order evicting plaintiff if he did not move out on or before

-1-

September 2, 2016, and advised plaintiff that he could move for reconsideration or that he could appeal the order by September 2, 2016. On September 1, 2016, plaintiff filed an appeal with this Court that was dismissed for a lack of jurisdiction "because the August 23, 2016 order entered by the 16th District Court is not an order that is appealable by leave to this Court." *Deutsche Bank Nat'l Trust v Mohlman*, unpublished order of the Court of Appeals, entered September 6, 2016 (Docket No. 334590) (also explaining that plaintiff "must appeal the order in question to the proper circuit court"). On September 22, 2016, defendant filed an application for eviction, which was granted by the district court on September 27, 2016. In October 2016, defendant locked out and evicted plaintiff from the property. Plaintiff then filed this lawsuit alleging that the eviction and lockout were improper because he had a pending appeal in the Wayne Circuit Court that was filed on September 18, 2016.

On December 2, 2016, defendant filed a motion for summary disposition under MCR 2.116(C)(7), MCR 2.116(C)(8), and MCR 2.116(C)(10), arguing that the eviction, lockout, and underlying order of eviction were valid and proper because defendant was entitled to possession as owners of the property, and because plaintiff did not have an appeal pending from the judgment of possession at the time the above events occurred. Moreover, defendant asserted that plaintiff's underlying arguments disputing the judgment of possession are barred by preclusion given that plaintiff has previously litigated those claims or had the opportunity to bring those claims in previous litigation, but did not.

On December 21, 2016, the trial court entered a summary disposition scheduling order, which ordered that there would be a hearing regarding defendant's motion for summary disposition on February 15, 2017 at 11:00 a.m. It was further ordered that plaintiff's response to the motion was due on February 1, 2017. The order continued,

> [f]ailure to file a response by this date will be considered as consent to the relief requested. In such an event, no oral argument will be heard and the moving party can file an order for involuntary dismissal/default of claims covered in its motion with prejudice for failure to comply with this scheduling order pursuant to MCR 2.504(B)[1] and *Marquette v Village of Fowlerville*, 114 Mich App 92; 318 NW2d 618 (1982), provided the motion contains legal authority supporting the relief requested.

---

[1] MCR 2.504(B) provides, in pertinent part:

> (1) If a party fails to comply with these rules or a court order, upon motion by an opposing party, or sua sponte, the court may enter a default against the noncomplying party or a dismissal of the noncomplying party's action or claims.

> \* \* \*

> (3) Unless the court otherwise specifies in its order for dismissal, a dismissal under this subrule or a dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for failure to join a party under MCR 2.205, operates as an adjudication on the merits.

On February 14, 2017, defendant filed a praecipe requesting that the trial court place on the motion calendar a hearing on defendant's motion for summary disposition for February 15, 2017, at 11:00 a.m. Additionally, defendant's trial attorney certified on the praecipe that "I have had personal contact with [plaintiff] on 2/10/2017 regarding concurrence in the relief sought in this motion and that concurrence has been denied or that I have made responsible and diligent attempts to contact counsel requesting concurrence with [the] motion."

On February 15, 2017, the trial court held a hearing on defendant's motion for summary disposition. At the hearing, the trial court began by confirming with defendant's counsel that this was the correct time and date for the summary disposition hearing, and further confirmed with defendant's counsel that plaintiff was properly served with the time and date of the motion hearing "back in December." The trial court then made the following statement:

> [Plaintiff] is not here today and this matter was set for 11:00 and it is now 11:36 and there is no one else present in the courtroom. That being said, the [c]ourt will grant the relief set forth in the motion for summary disposition, consistent with the pleading, as well as consistent with [*Marquette*, 114 Mich App at 92], in that the plaintiff failed to appear and did not respond. . . .

The trial court later entered an order dismissing the case with prejudice on February 17, 2017. The order indicated that dismissal with prejudice was warranted "for the reasons stated on the record[.]" Thus, taking the trial court's remarks at the motion hearing together with the notice on the summary disposition scheduling order concerning potential involuntary dismissal for failure to comply with the scheduling order, the trial court dismissed plaintiff's case on two grounds: (1) defendant was entitled to summary disposition on the underlying merits of his motion, and (2) an involuntary dismissal with prejudice was warranted under MCR 2.504(B) and *Marquette*, 114 Mich App at 92, for plaintiff's failure to follow the court's orders.

## II. PRESERVATION AND STANDARD OF REVIEW

A particular issue is properly preserved for appellate review if it was raised before the trial court, and the raised issue was subsequently addressed and decided by the trial court. *Gen Motors Corp v Dep't of Treasury*, 290 Mich App 355, 386; 803 NW2d 698 (2010). Generally speaking, if a party fails to properly raise an issue below in a civil case, this Court need not consider that issue on appeal. *Hogg v Four Lakes Ass'n, Inc*, 307 Mich App 402, 406; 861 NW2d 341 (2014). However, this Court may nonetheless exercise its discretion to overlook the preservation requirements and reach an otherwise unpreserved issue "if the failure to consider the issue would result in manifest injustice, if consideration is necessary for a proper determination of the case, or if the issue involves a question of law and the facts necessary for its resolution have been presented[.]" *Smith v Foerster-Bolser Constr, Inc*, 269 Mich App 424, 427; 711 NW2d 421 (2006). Because plaintiff did not raise this issue below, his argument is unpreserved. However, we will exercise our discretion to review his unpreserved claim because it would be manifestly unjust to decline to review plaintiff's claim, if plaintiff truly lacked notice as alleged. Plaintiff's unpreserved claim is reviewed for plain error affecting substantial rights. *Kern v Blethen-Coluni*, 240 Mich App 333, 336; 612 NW2d 838 (2000). To avoid forfeiture under the plain error rule, or in other words to satisfy the plain error test, a party must show that an obvious or clear error occurred and that the error affected substantial rights because it affected

the outcome of the proceedings. *Id.*, citing *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

## III. ANALYSIS

Plaintiff argues that the lower court's involuntary dismissal with prejudice should be reversed because there was not adequate time to respond to defendant's motion for summary disposition, and plaintiff otherwise lacked notice or knowledge of the hearing on defendant's motion for summary disposition. Plaintiff's argument fails.

Plaintiff contends that he did not have adequate time to respond to defendant's motion given that defendant filed a praecipe on February 14, 2017, concerning the hearing on defendant's motion, and the hearing was subsequently held a day later on February 15, 2017. Plaintiff's argument is misguided. Under MCR 2.116(B)(2), a hearing for summary disposition "shall not take place until at least 28 days after the opposing party was served with the pleading stating the claim." The February 15, 2017 hearing on defendant's motion for summary disposition was heard approximately 2½ months after defendant moved for summary disposition. By extension, if plaintiff was served with defendant's motion at least 28 days before February 15, 2017, the hearing date complied with the timing requirements laid out in MCR 2.116(B)(2), which would suggest plaintiff had adequate time to respond to defendant's motion. Here, defendant attached a proof of service to its summary disposition motion certifying that defendant's trial counsel served plaintiff with the motion on December 2, 2016, through first class mail.

A proof of service that appears facially correct creates a presumption of proper service that may only be set aside upon a clear and convincing showing of proof. See *Delph v Smith*, 354 Mich 12, 16-17; 91 NW2d 854 (1958); *Garey v Morley Bros*, 234 Mich 675, 677-678; 209 NW 116 (1926). By extension, a bare allegation that service was improper is generally insufficient to overcome a proof of service that appears to be facially correct. *Delph*, 354 Mich at 16-17. Under MCR 2.107(A)(1) and (C), a pro se plaintiff must be served with the opposing party's motion for summary disposition either by "delivery or by mailing" it to the pro se plaintiff "at the address stated in the [plaintiff's] pleadings."

Here, the proof of service was addressed to plaintiff and was mailed to "19042 Irving, Irving [sic], MI 48152[.]" The address listed on plaintiff's complaint was "6218 Evergreen[,] Detroit, MI 48228[.]" Consequently, there appears to be two errors on the proof of service. First, the proof of service incorrectly listed the city in the address as "Irving" instead of Livonia. Second, it failed to serve plaintiff at the address stated in his pleadings. These errors suggest plaintiff may have not been properly served.

However, there are countervailing points that suggest plaintiff was properly served. First, it is not dispositive that defendant incorrectly listed plaintiff's address at 19042 Irving as being in the city of Irving instead of the city of Livonia because defendant included the correct zip code for the property on the proof of service. Consequently, the motion could have been mailed to the correct address given that the proof of service correctly listed 48152 as the zip code. Moreover, there is no evidence in the record that the mailing was returned as undeliverable, which leads to an inference that it was delivered.

Second, it is also not dispositive that defendant failed to serve plaintiff at the Detroit address listed in plaintiff's pleadings. That is, because plaintiff listed his address as "19042 Irving[,] Livonia, MI [48152]" on his claim of appeal, it suggests that plaintiff either was still picking up mail at the property or he had otherwise had the mail forwarded to him at his new address. Given this inference, and given that no evidence in the record suggests service of the motion was unfulfilled, it stands to reason that, despite the errors on the proof of service, plaintiff was properly served with defendant's motion.

Third, it bears noting that because plaintiff's case below was designated with the "CZ" case type, it was subject to a program requiring electronic filing of court documents in lieu of traditional paper filings. Administrative Order No. 2011-1, 488 Mich xcix, xcix-ci (2011), as amended at 493 Mich cli, clii (2013) (expanding e-filing program to cover all cases with "CZ" designation) and as amended at 499 Mich cxi, cxi (2016) (permitting Wayne Circuit Court to continue its e-filing program). Under the program, participation in electronic filing is mandatory for the parties and for the presiding circuit court judge, Amended AO 2011-1, 489 Mich lxxvi, lxxviii (2011), and "[i]t is presumed that all documents will be filed electronically" AO 2011-1, 488 Mich at ci. To that end, "[a]ll parties shall provide the court and opposing part[y] with one e-mail address," which "[a]ll service shall originate from and be perfected upon this e-mail address." AO 2011-1, 488 Mich at ciii-civ. "Unless otherwise agreed to by the court and the parties, all [electronic filings] must be served electronically to the e-mail addresses of all parties." AO 2011-1, 488 Mich at civ. Finally, the trial court "may issue, file, and serve orders, judgments, and notices as [electronic filings]." AO 2011-1, 488 Mich at cvi.

Here, the lower court register of actions indicates that on December 2, 2016, the day on which defendant filed its motion for summary disposition, defendant also paid a "Civil File & Serve Payment" of $20, which suggests that plaintiff was electronically served with defendant's motion given that the fee appears to be both a filing fee and a service fee. Moreover, the fact that plaintiff used the electronic filing system to file and effect service of his complaint, and to also file and effect service of his proposed witness list, suggests that he had registered an email address where he could be served electronically as one was required to participate in the system. AO 2011-1, 488 Mich at ciii-civ. Thus, the above leads to an inference that plaintiff was electronically served with defendant's motion in addition to the paper mailing effected by defendant.

In sum, there is enough evidence to conclude that plaintiff was served with defendant's motion on December 2, 2016. Hence, the 2½ months between service of the motion on plaintiff and the February 15, 2017 motion hearing, indicates plaintiff had adequate time to respond to the motion. Further, the trial court's scheduling order gave plaintiff until February 1, 2017, to respond via briefing, which supports the conclusion that plaintiff had adequate time to respond.

Next, defendant contends that he did not have notice or knowledge of the February 15, 2017 motion hearing because defendant failed to serve and timely notify him of the hearing. Plaintiff's claim is inapt.

Plaintiff's argument ignores the fact that the trial court issued a summary disposition scheduling order indicating that a hearing would be held regarding defendant's motion on February 15, 2017. Plaintiff only alleges that he did not have notice and knowledge of the hearing because defendant failed to serve him. However, given that plaintiff was using the

electronic filing system, it is not clear why plaintiff could disregard the entry of the summary disposition scheduling order merely because defendant had failed to serve him with it. That is, as discussed above, all documents are presumed to be filed electronically under AO 2011-1, and the trial court may also file its orders electronically. AO 2011-1, 488 Mich at ci, civ. The trial court is required to participate in the electronic filing system under Amended AO 2011-1, 489 Mich at lxxviii, and generally speaking, a "trial court is presumed to know and follow the law[,]" *Young v Nandi*, 276 Mich App 67, 77; 740 NW2d 508 (2007), vacated in part on other grounds by 482 Mich 1007 (2008) (denying leave in all other respects). Thus, unless plaintiff can demonstrate otherwise, the above suggests that this Court should presume the order was electronically filed. Plaintiff has not presented evidence to the contrary. By extension, because plaintiff has used and participated in the electronic filing system, it is unclear why plaintiff would lack notice of the summary disposition hearing given that it must be presumed that the summary disposition scheduling order was filed electronically. In other words, plaintiff's argument lacks force because the summary disposition scheduling order gave notice of the hearing and gave notice of the fact that failure to respond to defendant's motion could result in an involuntary dismissal of plaintiff's case under MCR 2.504(B). After all, "[t]he basic requirements of [procedural] due process in a civil case include notice of the proceeding and a meaningful opportunity to be heard." *Al-Maliki v LaGrant*, 286 Mich App 483, 485; 781 NW2d 853 (2009). Additionally, the February 14, 2017 praecipe indicates that defendant's trial attorney certified that she had contact with plaintiff on February 10, 2017, seeking concurrence in the relief sought in the motion or that she had made responsible and diligent attempts to contact plaintiff regarding concurrence. Thus, the record suggests that plaintiff was aware of the hearing or should have been aware of the hearing. Consequently, plaintiff is not entitled to relief.

Finally, and in any event, because plaintiff only challenged the trial court's involuntary dismissal on appeal and has not challenged the trial court's grant of summary disposition on the merits, plaintiff is precluded from appellate relief. *Riverview v Sibley Limestone*, 270 Mich App 627, 638; 716 NW2d 615 (2006) (noting that "a party's failure to brief an issue that necessarily must be reached precludes appellate relief."); *Derderian v Genesys Health Care Sys*, 263 Mich App 364, 381; 689 NW2d 145 (2004) (noting that when a party fails to dispute the basis of a trial court's ruling, this Court is not required to consider granting a party the relief sought on appeal). That is, because the grant of summary disposition is an independent ground for the trial court's dismissal of plaintiff's case, in order for plaintiff's case to be fully revived, he would also need to successfully challenge the grant of summary disposition on the merits. Plaintiff has not produced any evidence or even alleged that he would be able to avoid summary disposition on the merits. Thus, there appears to be no grounds to conclude that the trial court erred in granting summary disposition on the merits, thereby precluding plaintiff from appellate relief.

Affirmed.

/s/ David H. Sawyer
/s/ Joel P. Hoekstra
/s/ Christopher M. Murray