*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ELAINE MAYA,

　　　　　　Plaintiff-Appellant,

v

OMEGA FREIGHT SYSTEMS, INC. and MILOS
BOROVNJAK,

　　　　　　Defendants-Appellees.

UNPUBLISHED
December 22, 2022

No. 360126
Wayne Circuit Court
LC No. 20-003710-NI

Before: HOOD, P.J., and SWARTZLE and REDFORD, JJ.

PER CURIAM.

Plaintiff was driving through an intersection when she was rear-ended by Milos Borovnjak, who was driving a semitruck for Omega Freight Systems, Inc. Plaintiff filed a claim against both Borovnjak and Omega, and both defendants moved for summary disposition. The trial court issued a scheduling order that required plaintiff to respond to defendants' motion for summary disposition by a certain date or have her claims involuntarily dismissed. Plaintiff did not respond to defendants' motion for summary disposition by the deadline set by the trial court, and the trial court dismissed her claims. On appeal, plaintiff argues that that the trial court abused its discretion in dismissing her claims. We affirm.

A witness testified, in her deposition, that plaintiff was stopping abruptly, and for no apparent reason, when she was driving toward an intersection. After the light at the intersection turned green, the witness stated that plaintiff accelerated, then stopped in the middle of the intersection, and that is when Borovnjak rear-ended her. The witness's earlier statement to police stated that plaintiff "stopped quickly at the red light causing the semitruck to crash into the rear of [plaintiff's] vehicle." Plaintiff also provided a statement to police, where she merely stated that she was rear-ended by an unknown semitruck. Plaintiff was taken to Henry Ford Hospital for medical care following the accident, and she complained of head pains and tenderness in her spine.

Plaintiff then sued defendants, claiming that Borovnjak was negligently operating the vehicle and caused her serious and permanent injuries as a result. Defendants moved for summary

-1-

disposition under MCR 2.116(C)(10), arguing that plaintiff was comparatively negligent for the collision and plaintiff's driving caused a sudden emergency through no fault of Borovnjak.

The trial court issued a scheduling order for defendants' motion for summary disposition, and in relevant part it ordered as follows:

> Plaintiff's response to the motion must be filed by Thursday, August 26, 2021. Failure to file a response by this date will be considered as consent to the relief requested. In such an event, no oral argument will be heard and the moving party can file an order for involuntary dismissal/default of claims covered in its motion with prejudice for failure to comply with this scheduling order pursuant to MCR 2.504(B) and *Marquette v Village of Fowlerville*, 114 Mich App 92; 318 NW2d 618 (1982), provided the motion contains legal authority supporting the relief requested.

Plaintiff filed her response to defendants' motion for summary disposition on September 2, 2021, and defendants moved to dismiss plaintiff's claims because she was in violation of the scheduling order. The trial court granted defendants' motion to dismiss plaintiff's claims, and it denied plaintiff's motion for reconsideration.

"We review a dismissal of a case for failure to comply with a court order for an abuse of discretion," *Woods v SLB Prop Mgt, LLC*, 277 Mich App 622, 630; 750 NW2d 228 (2008), noting that dismissal "is a drastic step that should be taken cautiously," *Vicencio v Jaime Ramirez, MD, PC*, 211 Mich App 501, 506; 536 NW2d 280 (1995). "Circuit courts have jurisdiction and power to make any order proper to fully effectuate the circuit courts' jurisdiction and judgments." MCL 600.611. This includes the "inherent authority to sanction litigants and their counsel, including the right to dismiss an action." *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006). A party's disregarding of a trial court order may support dismissal of that party's claim. *Id*. at 396-397.

In this case, the trial court's scheduling order clearly stated that plaintiff was required to respond to defendants' motion for summary disposition by August 26, 2021, or her claims could be dismissed if defendants so moved. Plaintiff did not respond until seven days after the August 26, 2021 deadline, and the trial court had the authority to dismiss her claims for failure to comply with a court order.

There is no indication that plaintiff asked for additional time to submit her response to defendants' motion for summary disposition. In her motion for reconsideration, plaintiff only argued that the facts of the case created a genuine issue of material fact and that she disagreed with the trial court's cited caselaw supporting its decision to dismiss her claims. Plaintiff offered no reasonable explanation, however, as to why she did not comply with the scheduling order.

It is not outside the range of principled outcomes for the trial court to rely on its inherent authority to maintain its scheduling order that clearly instructed plaintiff that dismissal was likely if she failed to respond by the deadline. The trial court did not abuse its discretion in dismissing plaintiff's claim when plaintiff failed to comply with the trial court's scheduling order.

Furthermore, plaintiff's argument concerning the underlying case, that there is a genuine issue of material fact when considering plaintiff's statement to police after the accident and the witness's testimony regarding the accident, is misplaced. Questions of fact regarding comparative negligence are generally reserved for the jury, *Poch v Anderson*, 229 Mich App 40, 51; 580 NW2d 456 (1998), unless "no reasonable juror could find that defendant was more at fault that the [plaintiff] in the accident as required by MCL 500.3135(2)(b)," *Huggins v Scripter*, 469 Mich 898, 899; 669 NW2d 813 (2003). "The statutory presumption of negligence under MCL 257.402(a) may be rebutted by showing the existence of a sudden emergency." *White v Taylor Distrib Co, Inc*, 482 Mich 136, 139-140; 735 NW2d 591 (2008).

The evidence established that plaintiff had stopped in the middle of the intersection, which created a sudden emergency for Borovnjak because the collision was shown to have occurred as the result of plaintiff's braking, not Borovnjak's actions. *Id*. Contrary to plaintiff's argument, her statement to police did not rebut the witness's testimony that she was stopped in the intersection, and there was no evidence presented to substantiate her claim that she was not comparatively negligent.

Further, plaintiff's argument, that the witness's testimony differs from the witness's statement to the police after the accident, is also misplaced. Plaintiff failed to demonstrate that any alleged difference created a genuine issue of material fact concerning plaintiff's comparative negligence, especially when the witness's statement to the police also described plaintiff stopping quickly.

Affirmed.

/s/ Noah P. Hood
/s/ Brock A. Swartzle
/s/ James Robert Redford