BANASZEWSKI v COLMAN

Docket No. 65440. Submitted May 11, 1983, at Detroit.—Decided
December 8, 1983.

Elaine Banaszewski brought an action in Macomb Circuit Court
against Richard J. Colman, doing business as Surgical Associ-
ates, and Martin Place Hospital-East, alleging malpractice. The
complaint was subsequently amended to add defendants Dr.
Jerome Markowitz, Dr. Jack Levitt, Dr. Irwin Gorenstein, and
Levitt and Gorenstein, P.C. The court, Raymond R. Cashen, J.,
dismissed the action with prejudice, finding that the plaintiff
failed to comply with the court's pretrial order requiring her to
file a specific statement setting forth the area of malpractice
concerning each defendant and each defendant's failure to
perform in relation thereto. The plaintiff appealed. *Held:*

The circuit judge did not abuse his discretion by deciding to
dismiss the plaintiff's complaint for failure to comply with his
order. The trial judge had valid and substantial reasons for
ordering the plaintiff to specify more fully the factual and legal
bases of her claims. A trial judge must have the discretion to
treat a party's failure to make an adequate pretrial statement
as a failure to participate in pretrial proceedings.

Affirmed.

1. Pleading — Specificity of Pleading — Dismissal of Actions —
   Court Rules.

   A trial court may properly dismiss any action in which a plaintiff
   fails to comply with its orders, including an order to amend
   pleadings to make them more specific (GCR 1963, 504.2).

2. Pretrial Procedure — Pretrial Conferences.

   One of the primary goals of the pretrial conference is to illumi-
   nate and narrow the issues to be litigated, thereby shortening
   the trial proceedings.

References for Points in Headnotes
[1] 24 Am Jur 2d, Dismissla, Discontinuance, and Nonsuit § 45.
   61A Am Jur 2d, Pleading § 308.
[2] 62 Am Jur 2d, Pretrial Conference and Procedure § 2.
[3] 62 Am Jur 2d, Pretrial Conference and Procedure §§ 29, 31.

3. PRETRIAL PROCEDURE — PRETRIAL SUMMARY.

> A trial judge has the authority to direct a party to make a pretrial summary which is more specific than a pleading sufficient to state a claim, and the trial judge has the discretion to treat a party's failure to make an adequate pretrial statement as a failure to participate in pretrial proceedings and may enforce that order by appropriate sanctions.

*Charfoos, Christensen, Gilbert & Archer, P.C.* (by *Adrienne G. Southgate* and *Ronald L. Gilbert),* for plaintiff.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen, P.C.* (by *Ernest R. Bazzana* and *Thomas M. O'Leary),* for defendants Levitt & Gorenstein.

*Kitch, Suhrheinrich, Smith, Saurbier & Drutchas, P.C.* (by *Mark D. Willmarth),* for defendant Richard J. Colman.

*Barbier, Goulet & Petersmarck, P.C.* (by *Ralph W. Barbier, Jr.),* for defendant Martin Place Hospital-East.

Before: HOOD, P.J., and V. J. BRENNAN and D. S. DeWITT,* JJ.

PER CURIAM. Plaintiff appeals as of right from the dismissal, with prejudice, of her suit alleging medical malpractice. The dismissal was based on plaintiff's failure to comply with a pretrial order requiring her to file a specific statement setting forth the "area of malpractice concerning each defendant and defendant's failure to perform in relation thereto".

Plaintiff concedes that a trial judge has the authority to dismiss an action where a party has failed to comply with a court order. Plaintiff claims, however, that its pretrial statement did

---

* Circuit judge, sitting on the Court of Appeals by assignment.

comply with the judge's order. We disagree and affirm.

GCR 1963, 504.2 permits the court to dismiss any action in which a plaintiff fails to comply with its orders. Dismissal may be ordered where a party fails to comply with a court's order to amend pleadings to make them more specific. *S & S Excavating Co, Inc v Monroe County,* 37 Mich App 358, 362, 366-367; 194 NW2d 416 (1971). In the present case, the trial judge's order to plaintiff to make her pretrial statement more specific was a valid one. Dismissal was an acceptable remedy for failure to comply. This Court need only decide whether the trial judge abused his discretion by deciding that plaintiff failed to comply with his pretrial order.

Plaintiff argues that dismissal was appropriate only if her complaint and pretrial statement, read together, failed to state a claim. We do not believe that the trial judge's authority to dismiss a case for a party's failure to comply with his orders is limited to complaints which fail to state a claim. GCR 1963, 301.1 requires a trial court to direct the parties' attorneys to appear before it for a pretrial conference. It may direct the attorneys to state and simplify the factual and legal issues to be litigated. GCR 1963, 301.1(1). The same provision allows the court to direct the parties to consider the formal amendment of pleadings or to order such amendment if desirable or necessary. If the trial court's power to direct pretrial summaries is limited to directing the amendment of pleadings, the language requiring the court to direct the attorneys to "state and simplify the factual and legal issues to be litigated" is rendered nugatory. We believe that GCR 1963, 301 was intended to allow the judge to require a far more specific

statement of the issues to be litigated. One of the primary goals of the pretrial conference is to illuminate and narrow the issues to be litigated, thereby shortening trial proceedings. See 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 6. See also *Applebaum v Wechsler,* 350 Mich 636, 650; 87 NW2d 322 (1957). A trial judge has the authority to direct a party to make a pretrial summary which is more specific than a pleading sufficient to state a claim. Where discovery has been completed (as in this case), such a claim should not be difficult to make. A trial judge must have the discretion to treat a party's failure to make an adequate pretrial statement as a failure to participate in pretrial proceedings. Where such a failure occurs, the trial judge must have the discretion to enforce his orders by appropriate sanctions. See *Kromat v Vestevich,* 14 Mich App 291; 165 NW2d 428 (1968).

In attempting to determine if the trial judge abused his discretion by dismissing plaintiff's complaint, we have reviewed the entire court file, particularly plaintiff's various complaints and the pretrial statement and amendment thereto. We are satisfied that good and substantial reasons existed for the court's order to plaintiff to specify more fully the factual and legal bases of her claims. Plaintiff had not adequately specified the standard of care, how the standard was breached, theories of causation, or the type of injury.[1] She

---

[1] The relevant pleadings state:

"8. That the defendant[s], * * * and their agents and employees, were negligent and violated the standard of care in regard to the treatment, diagnosis and surgical procedures performed upon the plaintiff in one or more of the following ways:

"(a) They did not follow the standard of care in regard to performing a tubal ligation.

"(b) That they violated the standard of care in performing the tubal ligation by also damaging or injuring the plaintiff's uterus and/or colon and other internal organs.

"(c) The defendants failed to follow the standard of care in regard to performance of the routine abortion which may also have been involved in this case; but instead, they caused injury and damage to the plaintiff's colon and/or uterus and other internal organs.

"(d) That the defendants, their agents and employees were guilty of violating the standard of care in regard to the surgical procedures involved in this case in other ways which will become more obvious through discovery.

"9. That as a result of the above-mentioned negligent acts of the defendant[s], the plaintiff suffered serious injuries which resulted in extensive hospitalization, medical care and treatment for a long period of time, which all would have been unnecessary had the original surgical procedure been performed properly." (Complaint; first amended complaint.)

and

"3. That when the plaintiff was admitted to the hospital for surgery to be performed as described in the original complaint, in August of 1977, Dr. Jack Levitt was the anesthesiologist.

"4. That the defendant Dr. Levitt did perform the anesthesiology throughout the surgery in question during the hospitalization in August of 1977.

"5. That based upon the deposition of the defendant doctor performing the surgery and other evidence available to the plaintiff, the plaintiff believes that the defendant Jack Levitt was negligent and violated the standard of care in administering anesthesiology during said surgery in one or more of the following ways:

"(A) Failing to properly put in place a collar round the endotracheal tube.

"(B) That if the collar was installed, that it was improperly installed and put in place and improperly inflated.

"(C) That throughout the surgery that the defendant Levitt improperly failed to supervise and observe events occurring so as to prevent injury to the plaintiff from occurring from the improper installation or use of a collar described above.

"(D) That the defendant may be negligent in other ways which will become more obvious through discovery.

"6. That as a result of the negligence described above by the defendant Levitt, certain fluids from the stomach of the plaintiff went up the esophagus and came down the endotracheal tube into her lungs causing her severe injury and damage to her lungs and pulmonary system." (Second amended complaint.)

Plaintiff's response to the order to make her claim more specific, intended to be her final pretrial statement, was:

"The plaintiff claims that the current defendant doctor, Dr. Levitt, was negligent in administrating [sic] the anesthesia. Dr. Levitt indicated that he did not use a [sic] endotracheal tube although the hospital records indicate that the patient was 'intubated'. The plaintiff claims against Dr. Levitt that he violated the standard of care for administering anesthesia considering the type of surgery that was being done.

had not named an expert witness from whom this information could be obtained. Subsequent to defendant's motions to dismiss, plaintiff did not seek to amend the pretrial statement to expose her claim more fully. We believe that the trial judge did not abuse his discretion by deciding to dismiss plaintiff's complaint for failure to comply with his order.

Affirmed. Costs to appellees.

---

"In the alternative, the plaintiff claims against Dr. Colman and his assistant that if in fact Dr. Levitt intubated the patient or that the failure to use the endotracheal tube did not result in the plaintiff's damages, that Dr. Colman may have been negligent in either nicking the uterus or in causing some other type of abdominal injury which resulted in the plaintiff's injuries. The plaintiff submits that every doctor who has testified and reviewed this matter seems to have a different opinion as to what occurred.

"Responsibility on the part of the hospital may rest with the nursing staff and assistants who knew or should have known that the patient was to be intubated and they failed to do so since intubation is the normal procedure for this type of surgical procedure according to Dr. Colman." (Pretrial statement, 12/21/81.)