### THORNE v CARTER

Docket No. 83265. Submitted November 19, 1985, at Detroit.—Decided
    February 5, 1986.

Plaintiffs, Michele Thorne and Melinda Simpson, brought an
    action in the Monroe Circuit Court against defendant, Kent
    Carter, for damages for injuries received by the plaintiffs when,
    as pedestrians, they were struck by a car driven by the defen-
    dant. Following numerous delays attributable to the plaintiffs,
    the trial court, William J. Weipert, Jr., J., granted defendant's
    motion for dismissal and entered an order of dismissal with
    prejudice. Plaintiffs' motion for a rehearing was denied and an
    order was entered accordingly. Plaintiffs appeal from those
    orders. *Held:*

    1. Plaintiffs' counsel's absences at three scheduled hearings
    constitute sufficient grounds for the circuit court's order of
    dismissal. The entire history of the litigation reveals a lack of
    diligence in prosecuting the plaintiffs' claims. The clerical
    mistakes leading to disregard of the court orders are not such
    extraordinary excuses as to bar the trial judge from imposing
    the severe sanction of dismissal.

    2. The trial court acted within its discretion in dismissing
    plaintiffs' action.

    Affirmed.

1. Motions and Orders — Dismissal — Court Rules.

    A defendant may move for dismissal of an action or any claim
    brought against the defendant where the plaintiff fails to
    comply with the court rules or any order of the court (GCR
    1963, 504.2; MCR 2.504[B]).

2. Appeal — Motions and Orders — Dismissal — Abuse of Discre-
    tion.

    The Court of Appeals reviews an appeal from a trial court's order

### References

Am Jur 2d, Appeal and Error §§ 772-775.

Am Jur 2d, Dismissal §§ 45-47.

Am Jur 2d, Motions, Rules, and Orders §§ 1 *et seq.*

See the annotations in the ALR3d/4th Quick Index under Discre-
tion of Court; Dismissal or Discontinuance.

of dismissal for an abuse of discretion; in order to have an abuse of discretion, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias.

*Lopatin, Miller, Freedman, Bluestone, Erlich, Rosen & Bartnick* (by *Kay Honigman-Singer*), for plaintiffs.

*Braunlich, Russow & Braunlich, P.C.* (by *William H. Braunlich*), for defendant.

Before: WAHLS, and R. B. BURNS and M. E. DODGE,* JJ.

PER CURIAM. On December 23, 1979, plaintiffs suffered injuries as pedestrians when they were struck by a car driven by defendant. Suit was commenced on May 27, 1980. On January 15, 1985, defendant's motion to dismiss was granted with prejudice. Plaintiffs' motion for rehearing was denied, and plaintiffs appeal as of right. We affirm.

Dismissal come as a result of plaintiffs' counsel's failure to expeditiously move the case toward trial. The long delays attributable to plaintiffs are apparent from the following chronology:

*May 27, 1980.* The complaint was filed in Monroe County Circuit Court.

*Mid-October, 1980.* The defendant's answer had been filed, interrogatories had been sent and answered by both parties, and plaintiffs' depositions were noticed.

*September 14, 1981.* Suit was dismissed for lack of progress.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

*October 10, 1983.* Suit was reinstated upon stipulation by the parties.

*November 18, 1983.* Upon written stipulation of the parties, the case was ordered to be referred to mediation, scheduled for March 5, 1984.

*March 5, 1984.* Mediation was conducted and plaintiffs' case received an evaluation of zero dollars. Plaintiffs' counsel neither filed a mediation summary nor attended the hearing.

*March 14, 1984.* Plaintiffs' counsel rejected the mediation evaluation.

*April 24, 1984.* Plaintiffs' counsel failed to appear for the scheduled first pretrial conference.

*May 8, 1984.* Plaintiffs' counsel filed motions requesting a second mediation and a second pretrial conference. Counsel's sworn statement indicated that he had not received notice of the first mediation and notice of the first pretrial conference was only by telephone call to his secretary.

*June 12, 1984.* Plaintiffs' motions were granted.

*October 15, 1984.* Plaintiffs' counsel mailed a mediation summary to the court. The face of the summary contained the date and hour of mediation.

*November 7, 1984.* The second mediation hearing was conducted and, again, plaintiffs' counsel failed to appear.

*December 13, 1984.* Defendant filed a motion to dismiss with prejudice based on plaintiffs' counsel's failure to appear at the pretrial conference and mediation hearings.

*January 4, 1985.* The circuit court rejected plaintiffs' arguments that the absences were due to excusable neglect and did not result in prejudice, and dismissed the case.

GCR 1963, 504.2, now MCR 2.504(B), provides in part:

> "For failure of the plaintiff to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him."

We review a court's order of dismissal for abuse of discretion. *Banaszewski v Colman,* 131 Mich App 92; 345 NW2d 647 (1983). In *Marrs v Bd of Medicine,* 422 Mich 688, 694; 375 NW2d 321 (1985), the Supreme Court reaffirmed the standard for reviewing a claim of abuse of discretion in a civil matter that was set forth in *Spalding v Spalding,* 355 Mich 382, 384-385; 94 NW2d 810 (1959):

> "The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations. In order to have an 'abuse' in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias."

We turn now to look at several decisions of this Court in cases involving somewhat similar facts. In *Marquette v Village of Fowlerville,* 114 Mich App 92; 318 NW2d 618 (1982), this Court affirmed a trial judge's dismissal with prejudice due to the plaintiffs' failure to file a brief within the time specified by order of the court. The Court held that plaintiffs' conduct constituted a violation of an order of the court within the meaning of GCR 1963, 504.2. In support, the Court quoted *Banta v Serban,* 370 Mich 367, 368; 121 NW2d 854 (1963), as follows:

> "We have recognized the inherent power of a court to

control the movement of cases on its docket by a variety of sanctions including dismissal, discontinuance, or involuntary nonsuit even when requests for continuances are timely made and, lacking persuasive merit, are denied." 114 Mich App 96.

Additionally, the *Marquette* Court took into consideration that the plaintiffs had not shown good cause for the delay in filing their brief and did not show that they were vigorously pursuing their claim. 114 Mich App 97.

In *Banaszewski, supra,* this Court affirmed the dismissal of a medical malpractice action because of the plaintiff's failure to comply with a pretrial order requiring the filing of a pretrial statement containing more specific averments of the malpractice than those alleged in the complaint. In holding that dismissal of the plaintiff's case was an appropriate sanction, the Court explained as follows:

*"GCR 1963, 301.1 requires a trial court to direct the parties' attorneys to appear before it for a pretrial conference.* It may direct the attorneys to state and simplify the factual and legal issues to be litigated. GCR 1963, 301.1(1). * * * One of the primary goals of the pretrial conference is to illuminate and narrow the issues to be litigated, thereby shortening trial proceedings. See 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 6. See also *Applebaum v Wechsler,* 350 Mich 636, 650; 87 NW2d 322 (1957). A trial judge has the authority to direct a party to make a pretrial summary which is more specific than a pleading sufficient to state a claim. Where discovery has been completed (as in this case), such a claim should not be difficult to make. *A trial judge must have the discretion to treat a party's failure to make an adequate pretrial statement as a failure to participate in pretrial proceedings. Where such a failure occurs, the trial judge must have the discretion to enforce his orders by appropriate sanctions.* See *Kromat v Vestevich,* 14 Mich App 291;

165 NW2d 428 (1968)." 131 Mich App 94-95. (Emphasis added.)

In *Young v Everlock Taylor Corp,* 137 Mich App 799; 359 NW2d 213 (1984), *lv den* 422 Mich 928 (1985), this Court affirmed the trial court's entry of a judgment for the plaintiff in the amount of the mediation award of $150,000, because defendant's counsel failed to reject the mediation award within the time specified by the local Wayne County Court Rule. Defense counsel contended that his failure to file the rejection of the mediation award was unintentional and due to a clerical error arising out of personnel changes in his office. The trial court rejected this argument and this Court, in affirming, further noted that defendant's counsel was absent from the mediation hearing and sent on his behalf another attorney from his firm who was unfamiliar with the file. The Court held:

"Juggling of conflicting hearing dates and times is the trial lawyer's lot; conflicts are routine, foreseeable and, indeed, inevitable. The diligent attorney must marshall his resources and resolve such conflicts before detrimental consequences descend, not after.

"We cannot conclude that the trial court's refusal to grant defendant's motion was based on 'unwarranted perceptions of defense counsel's behavior' and we thus find no abuse of discretion. Defendant has failed to establish any extraordinary circumstances explaining or excusing its failure to reject the mediation award, and we find none. *Lark v Detroit Edison Co,* 99 Mich App 280; 297 NW2d 653 (1980), *lv den* 410 Mich 906 (1981)." 137 Mich App 803.

Finally, in *Comstock Construction Co v LHG Investment Co,* 126 Mich App 408; 337 NW2d 82 (1983), this Court reversed the trial court's entry of an order of default against the defendant and an order dismissing the defendant's counterclaim.

The trial court's action had been taken following the defendant's attorney's failure to telephone the court at the time scheduled for a pretrial telephone conference. In fact, defense counsel placed the phone call at 11 a.m. on October 5, 1981, the time for which he believed the hearing was scheduled, rather than at the correct time of 10 a.m. This Court stated, "It is clear that the failure of an attorney to appear after due notice has been given is a sufficient ground for either the entry of a default or an involuntary nonsuit." *Id.,* p 411. However, the Court further stated that under the particular circumstances the orders of default and dismissal constituted an abuse of discretion. The defendant had not acted in bad faith, the concern for docket control did not justify the actions imposed, and the one-hour delay caused by defense counsel's error could have been remedied by the imposition of costs.

In the instant case, the undisputed reasons for plaintiffs' counsel's absences at the three scheduled hearings were numerous intrafirm reassignments of the file and an inadvertent clerical error in failing to note the date of the second scheduled mediation hearing. Under *Comstock, supra,* and *Banaszewski, supra,* these absences constitute sufficient grounds for the circuit court's order of dismissal. Unlike in *Comstock,* however, the instant case was delayed for months due to plaintiffs' counsel's conduct, rather than for just one hour. Indeed, the entire history of the litigation reveals a lack of diligence in prosecuting the plaintiffs' claims. Further, the clerical mistakes leading to disregrad of the court orders are not such extraordinary excuses as to bar the trial judge from imposing the severe sanction of dismissal. *Young, supra.* Accordingly, we believe that, applying the

*Spalding* test for "abuse of discretion", the court acted within its discretion when it dismissed plaintiffs' action.

Affirmed.