MINISTRELLI CONSTRUCTION COMPANY v MONROE COUNTY
ROAD COMMISSION

Docket No. 80295. Submitted January 7, 1986, at Detroit. Decided
June 9, 1986. Leave to appeal denied, 426 Mich 882.

Plaintiff, Ministrelli Construction Company, and defendant, Monroe County Road Commission, entered into a contract for the construction of an improvement to Lewis Avenue. The contract provided that the avenue would be closed to two-way traffic during construction and that construction would be completed within four hundred days. Plaintiff was unable to finish the construction project within the time provided by the contract as a result of several injunctive orders obtained by owners of business near the avenue which prevented the closure of the avenue and other delays allegedly caused by defendant. Plaintiff subsequently filed an action in the Monroe Circuit Court against defendant. Plaintiff sought a declaratory judgment that defendant had materially breached the contract, damages for breach of contract, and damages for *quantum meruit.* The trial court, James J. Kelley, J., on defendant's motion, granted summary judgment in favor of defendant on the declaratory judgment and *quantum meruit* counts of plaintiff's complaint. Plaintiff's second amended complaint set forth several reasons why it was entitled to damages but did not specify or itemize damages for each claimed breach of contract. Defendant filed a motion for a more definite statement of plaintiff's claim. The trial judge conducted a second pretrial conference, after which he directed plaintiff to itemize its damages with respect to each breach of contract alleged. The trial court then granted defendant's motion for a more definite statement and ordered plaintiff to file a third amended complaint containing a more specific statement of facts and claims. After the third amended complaint was filed, defendant moved to dismiss, arguing that plaintiff had failed to comply with the trial court's order

REFERENCES

Am Jur 2d, Pleading §§ 206-208.

Am Jur 2d, Pretrial Conference § 15.

Authority of District Court, under Rule 16 of the Federal Rules of Civil Procedure, to compel parties to agree on pretrial stipulation of facts. 40 ALR Fed 859.

requiring a more specific statement of claims and an itemization of the damages claimed. The trial court determined that plaintiff had not complied with its order, but instead of dismissing the case, the trial court ordered plaintiff to file a fourth amended complaint containing a more specific statement and an itemization of damages. A fourth amended complaint was filed. However, the trial court ruled that it still did not comply with its repeated orders for a more definite statement of claims and itemization of damages and, for that reason, dismissed plaintiff's complaint. Plaintiff appealed. *Held:*

1. The court rule governing pretrial conferences, GCR 1963, 301.1, now MCR 2.401(B), allows a trial court to order the parties to an action to state and simplify the factual and legal issues to be litigated and permits a trial court to direct the parties to amend their pleadings. In this case, the trial court's orders for a more definite statement and requiring plaintiff to itemize damages with respect to each alleged breach were proper and valid. The trial court did not abuse its discretion by finding that plaintiff failed to comply with its orders and by dismissing the complaint.

2. The trial court's order requiring an itemization of damages relative to each claimed breach of contract was reasonable and plaintiff's failure to comply with the same supported the trial court's dismissal of the action.

Affirmed.

1. PLEADING — SPECIFICITY OF PLEADING — DISMISSAL OF ACTIONS — COURT RULES — APPEAL.

A trial court may properly dismiss any action in which a plaintiff fails to comply with its orders, including an order to amend pleadings to make them more specific; the Court of Appeals will affirm such dismissal where it finds that the order with which plaintiff failed to comply was valid and finds no abuse of discretion by the trial court (GCR 1963, 504.2, now MCR 2.504[B]).

2. PRETRIAL PROCEDURE — PRETRIAL CONFERENCES — PLEADING — AMENDMENT OF PLEADINGS — COURT RULES.

One of the primary goals of the pretrial conference is to illuminate and narrow the issues to be litigated, thereby shortening the trial proceedings; the trial court, at a pretrial conference, may order the parties to state and simplify the factual and legal issues to be litigated and may direct the parties to amend their pleadings (GCR 1963, 301.1, now MCR 2.401[B]).

*Jenkins, Nystrom, Hitchcock & Nystrom* (by

*Merle R. Jenkins* and *Paul A. Callam*), for plaintiff.

*Braunlich, Russow & Braunlich* (by *William J. Braunlich, Jr.,* and *William H. Braunlich*), for defendant.

Before: T. M. BURNS, P.J., and BEASLEY and R. M. PAJTAS,* JJ.

PER CURIAM. Plaintiff, Ministrelli Construction Company, appeals as of right from a circuit court order dismissing with prejudice plaintiff's third and fourth amended complaints for failure to comply with a pretrial order directing plaintiff to plead specific facts regarding plaintiff's claims of breach of contract and to itemize damages for each claimed breach. The order also alternatively granted defendant Monroe County Road Commission's motion for partial summary judgment. We affirm the trial court's dismissal of plaintiff's action.

This action arises out of a road construction contract entered into on July 12, 1976, between plaintiff and defendant for the construction of an improvement to 1½ miles of Lewis Avenue in Monroe County. The contract provided for compensation to plaintiff of $1,412,737.47. The contract provided that Lewis Avenue would be closed to two-way traffic during construction and that construction was to be completed within four hundred days. Numerous delays in construction occurred. Plaintiff claimed the delays were the result of stop-work orders issued by defendant and failure of defendant to provide plaintiff access to the construction site. It is undisputed that several injunctive orders were entered prohibiting the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

closing of Lewis Avenue to two-way traffic. The injunctions were issued on behalf of several businesses located along Lewis Avenue. The injunctions were in effect from April 23, 1977, until they were dissolved by the circuit court on August 24, 1977. Construction of the improvements to Lewis Avenue was not completed until October, 1978, approximately one year beyond the date of completion contemplated under the contract.

On March 13, 1978, plaintiff's original complaint against defendant was filed. That complaint set forth three counts. The first count sought a declaratory judgment that defendant had materially breached the contract. The second count sought damages for breach of contract. The third count sought damages for *quantum meruit.* The trial court subsequently granted a motion by defendant for summary judgment in regard to plaintiff's claims for declaratory relief and *quantum meruit.* Plaintiff does not appeal from those two orders.

Throughout the course of the proceedings, plaintiff submitted four amended complaints. The breach of contract claim contained in plaintiff's second amended complaint set forth five reasons for damages. Among those reasons were: (1) defendant failed to secure necessary rights of way in advance of construction, (2) defendant issued unwarranted stop-work orders, (3) the issuance of injunctions hindered work, and (4) defendant failed to provide plaintiff with a site of operations upon which plaintiff could prosecute the work. On November 19, 1979, the trial court ruled that plaintiff failed to state a cause of action in regard to the allegation of breach due to the injunctive orders. Despite the trial court's dismissal of plaintiff's claim based upon delay occasioned by the issuance of injunctive orders, plaintiff continued to claim

that defendant breached the contract because of the injunctions.

On several occasions, defendant sought further specification of plaintiff's claims and requested specified or itemized damages for each claimed breach of contract. At the second pretrial conference in this case, the trial court directed plaintiff to itemize damages claimed with respect to each breach of contract alleged. Prior to this pretrial conference, defendant had filed a motion for a more specific statement of claim regarding a portion of plaintiff's second amended complaint. On June 29, 1982, the trial court entered an order granting defendant's motion for a more specific statement of that claim and ordered plaintiff to file a third amended complaint containing a more specific statement of facts and setting forth any allegations of fraud, bad faith, or mistake as they related to other portions of the complaint.

Plaintiff's third amended complaint was then filed. Defendant moved to dismiss the third amended complaint for failure to comply with the trial court's pretrial order to itemize damages as to each breach and the trial court's June 29, 1982, order for a more specific statement of claim. The trial court determined that plaintiff failed to comply with this order, but rather than dismissing plaintiff's action, the court entered another order requiring a specific statement of facts and itemization of claimed damages.

In response, plaintiff filed a fourth amended complaint. This complaint was dismissed by the trial court for failure to comply with its previous orders.

GCR 1963, 504.2, now MCR 2.504(B), permits a court to dismiss any action when a plaintiff fails to comply with its orders. Such a dismissal is proper in a situation where a party fails to comply with a

court order to amend its pleadings to make them more specific. *S & S Excavating Co, Inc v Monroe Co,* 37 Mich App 358; 194 NW2d 416 (1971), lv den 387 Mich 761 (1972). This Court reviews a dismissal under GCR 1963, 504.2 to determine whether the trial court's order which the party failed to comply with was valid, and whether the trial court abused its discretion in determining that the party failed to comply with its pretrial order. See *Banaszewski v Colman,* 131 Mich App 92, 94-96; 345 NW2d 647 (1983).

GCR 1963, 301.1, now MCR 2.401(B), requires a trial court to direct the parties' attorneys to appear before it for a pretrial conference. The court may order the parties to state and simplify the factual and legal issues to be litigated. GCR 1963, 301.1(1). This same rule also permits a court to direct the parties to amend their pleadings. One of the primary goals of the pretrial conference is to illuminate and narrow the issues to be litigated. GCR 1963, 301.1 was intended to allow the judge to require a far more specific statement of the issues to be litigated than merely directing the amendment of pleadings. *Banaszewski, supra,* pp 94-95.

The trial court's orders for a more specific statement and requiring plaintiff to itemize damages with respect to each breach were proper and valid. Furthermore, after reviewing the entire record, we find that the trial court did not abuse its discretion by finding that plaintiff failed to comply with the pretrial orders and by dismissing the complaint.

Plaintiff attached to its fourth amended complaint its summary of damages. This summary did not itemize damages as to claimed breaches and is the same general summation of damages plaintiff had previously filed. Only the total amount of damages changed. In plaintiff's second pretrial

statement, damages were totalled at $391,009.46. Despite the trial court's intervening order dismissing two of plaintiff's claims for damages, plaintiff's general claim for damages increased by $40,000 in the summation of damages filed with its fourth amended complaint. Since any claim of damages because of the delay due to the injunctive orders which delayed construction had already been dismissed, plaintiff's general summation of damages which included damages for delay during this period clearly was contrary to the earlier court orders. An itemization of damages relative to each breach was a reasonable order and plaintiff's failure to comply supports the trial court's dismissal of the action.

Furthermore, it is readily apparent from plaintiff's pleadings and answers to interrogatories that the factual issues to be litigated were never clearly set forth by plaintiff, but rather were deliberately stated in general terms, with damages being calculated generally in an attempt to avoid the prior rulings dismissing certain claims and to avoid reasonably informing the defendant of the nature of plaintiff's claims. The trial court did not abuse its discretion in dismissing plaintiff's action.

Due to our disposition of the case on this issue, we need not address plaintiff's issues regarding summary judgment and disqualification of the trial court in case of remand.

Affirmed.