## MIDDLETON v MARGULIS

Docket No. 90516. Submitted February 18, 1987, at Detroit. Decided August 4, 1987. Leave to appeal applied for.

Larry H. and Denise D. Middleton, individually and as guardians of Garrett Scott Middleton, a minor, brought an action in November, 1983, against R. Ralph Margulis and others in the Oakland Circuit Court alleging medical malpractice. In January, 1984, defendants filed interrogatories asking plaintiffs to provide information concerning their expert witnesses. In April, 1984, plaintiffs answered indicating that as of that date no expert had been retained. Trial, which was originally scheduled for November 13, 1984, was rescheduled for November 15, 1985, on plaintiffs' motion for more discovery time. On November 13, 1985, pursuant to a stipulated order to compel answers to interrogatories and make available experts for deposition before trial, plaintiffs identified the three expert witnesses, one from Detroit, one from Florida and one from California, who would testify on their behalf at trial. Trial was again rescheduled for January 17, 1986, pursuant to plaintiffs' motion. In December, 1985, counsel for the parties entered discussions relative to when defendants could depose plaintiffs' experts. Both parties agree that defendants' counsel gave plaintiffs' counsel a series of alternate dates acceptable to defense counsel on which a deposition could be scheduled. Included in those dates was January 14, 1986. Not having heard from plaintiffs' counsel by early January, 1986, counsel noticed the deposition of plaintiffs' expert witness who resided in Detroit for January 8, 1986. Upon receipt of that notice, plaintiffs returned a letter indicating that this expert was unavailable on January 8, but would be available on January 14 and that plaintiffs' counsel considered defendants' notice amended to reflect this date. Defendants' counsel was not able to make the January 14 date. On January 15, 1986, the court, Robert C. Anderson, J., barred

REFERENCES

Am Jur 2d, Depositions and Discovery §§ 373 et seq.

Sanctions against defense in criminal case for failure to comply with discovery requirements. 9 ALR4th 837.

See also the annotations in the Index to Annotations under Discovery.

the testimony of plaintiffs' expert and granted defendant's motion for summary disposition on the basis that plaintiffs could not support their claim when the expert's testimony was barred. Plaintiffs appealed.

The Court of Appeals *held:*

The sanction of barring the use of testimony for violation of the rules of discovery should be exercised cautiously where the sanction results in barring a party from presenting a claim. Under the circumstances, use of that sanction was an abuse of discretion.

Reversed and remanded.

M. Warshawsky, J., dissented. He would hold that the sanction imposed was reasonable under the circumstances and would affirm.

Trial — Discovery — Sanctions.

The sanction of barring the use of testimony for violation of the rules of discovery should be exercised cautiously where the sanction results in barring a party from presenting a claim.

*Lopatin, Miller, Freedman, Bluestone, Erlich, Rosen & Bartnick* (by *Monica Farris Linkner*), for plaintiffs.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen, P.C.* (by *Robert G. Kamenec*), for defendants.

Before: D. E. Holbrook, Jr., P.J., and Sullivan and M. Warshawsky,* JJ.

Per Curiam. Plaintiffs appeal as of right, from the circuit court orders granting defendants' motion to bar plaintiffs' expert testimony and motion for summary disposition. Plaintiffs contend that the circuit court abused its discretion in barring plaintiffs' expert witnesses' testimony. We agree and vacate the orders and remand the case for further proceedings.

The essential facts are undisputed. Plaintiffs

* Circuit judge, sitting on the Court of Appeals by assignment.

commenced this medical malpractice action in November, 1983, seeking damages for injuries sustained by their son, who was born with a bilateral cleft lip and complete cleft palate. Plaintiffs alleged that the injuries were caused by Delalutin, a drug prescribed by defendants for Denise Middleton during her pregnancy.

In January, 1984, defendants filed interrogatories asking plaintiffs, inter alia to provide information concerning their expert witnesses. In April, 1984, plaintiffs answered indicating that as of that date no expert had been retained.

Subsequently, trial, which was originally scheduled for November 13, 1984, was rescheduled for November 15, 1985, on plaintiffs' motion for more discovery time.

On November 13, 1985, pursuant to a stipulated order to compel answers to interrogatories and make available experts for deposition before trial, plaintiffs identified the three expert witnesses, one from Detroit, one from Florida and one from California, who would testify on their behalf at trial. Trial was again rescheduled for January 17, 1986, pursuant to plaintiffs' motion.

In December, 1985, counsel for the parties entered discussions relative to when defendants could depose plaintiffs' experts. Both parties agree that defendant's counsel gave plaintiffs' counsel a series of alternate dates acceptable to defense counsel on which a deposition could be scheduled. Included in those dates was January 14, 1986. Not having heard from plaintiffs' counsel by early January, 1986, defense counsel noticed the deposition of plaintiffs' expert witness who resided in Detroit for January 8, 1986. Upon receipt of that notice, plaintiffs returned a letter indicating that this expert was unavailable on January 8, but would be available on January 14 and that plain-

tiffs' counsel considered defendants' notice amended to reflect this date. Defendant's counsel, however, had another matter scheduled on that date and advised plaintiffs' counsel that he would probably not be able to make it. On the afternoon of January 14 defendants' counsel called plaintiffs' counsel and informed him that he would not make the deposition.

On January 15, 1986, defendants' motion to bar plaintiffs' expert witness testimony was granted. Defendants subsequently moved for summary disposition on the basis that, without the expert testimony, plaintiffs would be unable to establish their cause of action at trial.

Although the trial court's order and the transcript of the hearing to bar the expert witness testimony is silent with regard to the court rule under which the motion was brought, it appears from the record that the motion was brought under MCR 2.313(B)(2)(b), formerly GCR 1963, 313.2(2)(b). That rule provides:

> (2) Sanctions by Court in Which Action Is Pending. If a party or an officer, director, or managing agent of a party, or a person designated under MCR 2.306(B)(5) or 2.307(A)(1) to testify on behalf of a party, fails to obey an order to provide or permit discovery, including an order entered under subrule (A) of this rule or under MCR 2.311, the court in which the action is pending may order such sanctions as are just, including, but not limited to the following:
>
> * * *
>
> (b) an order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting the party from introducing designated matters into evidence.

Contrary to plaintiffs' assertion, the motion was

not brought under subrule (B)(2)(c), which provides the sanction of dismissal of the action or proceeding upon failure to obey a court order providing or permitting discovery. Rather, defendants were granted summary judgment because, as a result of the motion granted under subrule (B)(2)(b), plaintiff was prevented from supporting his claim with expert testimony. Therefore, presumably, no genuine issue of material fact existed as to whether defendants breached the applicable standard of care. See MCR 2.116(C)(10). In any event, we agree with plaintiffs' claim that the order barring the expert witness testimony constituted an abuse of the trial court's discretion and should be vacated. Hence the order granting summary disposition should also be vacated.

The trial court's decision to impose discovery sanctions rests in the trial court's discretion. *MacArthur Patton Christian Ass'n v Farm Bureau Ins Group,* 403 Mich 474, 475, 477; 270 NW2d 101 (1978); *Kurczewski v State Highway Comm,* 112 Mich App 544, 549-550; 316 NW2d 484 (1982).

In *Spalding v Spalding,* 355 Mich 382, 384-385; 94 NW2d 810 (1959), the Supreme Court stated the standard for reviewing a claim of abuse of discretion:

> The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations. In order to have an "abuse" in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias.

We find that the trial court abused its discretion

in the instant case. Although the dismissal of plaintiffs' complaint was not granted under MCR 2.313, but rather was pursuant to a motion for summary disposition, the result of the order barring plaintiffs' expert witness testimony is analogous to the situation presented in *MacArthur Patton, supra,* i.e., dismissal of the complaint. In such a situation, where barring plaintiffs' expert witness testimony in effect results in barring plaintiffs from supporting their claim and dismissal of their action necessarily results, the discovery sanction should be exercised cautiously.

We find that the order entered in the instant case was too harsh a sanction for the circumstances. This is not a case, as in *MacArthur Patton,* where the failure to respond to the discovery request extended over a period of time. Nor is this a case where the order barring plaintiffs' expert witness testimony was based on a showing of plaintiffs' wilfulness. Although plaintiffs' efforts in advancing the case for trial over the past three years have been less than stellar, defense counsel is not blameless. Defense counsel knew since November, 1985, that plaintiffs had settled on their expert witnesses. Yet the record is absent of any effort to depose plaintiffs' experts until a week before the originally scheduled trial in November. Not until early January, 1986, did defense counsel become concerned enough to notice up the first deposition. In addition, defense counsel allowed an opportunity to depose plaintiffs' expert from Detroit to pass even though the date, January 14, had been selected less than a month before by defense counsel. In view of these facts we conclude that the trial court abused its discretion in barring plaintiffs' expert testimony. The trial court should have chosen less drastic measures to compel discovery. Cf. *MacArthur Patton, supra.* Such mea-

sures would include the imposition of costs on plaintiffs. See MCR 2.313.

The order barring plaintiffs' expert witness testimony and the order entering summary disposition are vacated. The case is remanded to the circuit court for further proceedings.

M. Warshawsky, J. *(dissenting)*. I must respectfully dissent from the majority.

I adopt the facts as they are clearly and concisely set forth in the majority's opinion.

MCR 2.313(B) provides a variety of remedies for a party's failure to respond to discovery orders or permit discovery. This Court has previously stated that the above provision is broad enough to permit a trial court to exclude evidence if the trial court, in its discretion, believes that such action is an appropriate remedy for violation of discovery practice. *Kurczewski v State Highway Comm,* 112 Mich App 544, 549; 316 NW2d 484 (1982), lv den 414 Mich 957 (1982).

This Court will not reverse the trial court's decision to bar expert testimony from trial absent a finding that the trial court abused its discretion. *Thorne v Carter,* 149 Mich App 90; 385 NW2d 738 (1986), *Banaszewski v Colman,* 131 Mich App 92; 345 NW2d 647 (1983).

I do not agree with the majority's conclusion that the trial court imposed "too harsh a sanction for the circumstances" and that the trial court should have chosen less drastic measures to compel discovery.

To impose a sanction of costs and allow plaintiffs to bring in experts just before trial without allowing defense counsel sufficient time for proper preparation of his case would be unjust and prejudicial to the defendants.

On the other hand, if the trial court applies the sanction of barring the expert's testimony, the consequences, as here, are harsh on the plaintiffs.

Thus, the issue becomes simplified: Whose action or lack of action, in a lawsuit, caused the impasse? These plaintiffs, utilizing the judicial system to redress an alleged wrong, have a duty to use diligence in advancing the action in fairness to these defendants who did not invite themselves to be sued.

The plaintiffs cannot deny they were given ample opportunity to disclose their experts. The plaintiffs failed to explain why they did not furnish to defense counsel their list of expert witnesses earlier as they stated in their supplemental answers to interrogatories filed on November 13, 1985, that they first consulted with their expert witnesses sometime in 1984.

Barring the expert testimony is a reasonable sanction under the circumstances in this case. The trial court did not abuse its discretion.

I would affirm.